McGREGOR W. SCOTT
United States Attorney
KRISTI C. KAPETAN
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Fax: (559) 497-4099

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALLEN P. SPENCER, | ) | 1:03-cv-06128-OWW-SMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING CASE FOR LACK OF |
| v. | ) | PROSECUTION |
| | ) | |
| U.S. Department of Agriculture; Ann M Veneman, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Allen P. Spencer, is proceeding pro se in this action.

On July 11, 2006, this court issued an order informing Plaintiff that on August 14, 2006, there would be a hearing to determine whether the action should be dismissed for lack of prosecution due to the plaintiff's failure to prosecute this case since August 4, 2005. Plaintiff was ordered to file a response by August 4, 2006 and/or appear at the hearing on August 14 to show cause why this matter should not be dismissed for lack of prosecution. The matter came on for hearing on August 14, 2006 and plaintiff failed to respond to the court's order or to appear at the hearing.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose

sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

     In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

     In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The court's order of July 11, 2006 stated that there would be a hearing regarding the lack of prosecution and

the case may be dismissed if no appearance was made or no response to the order was received. Thus, plaintiff had adequate warning that dismissal could result from non-compliance with the court's order.

     Accordingly, the court HEREBY ORDERS that this action be DISMISSED based on plaintiff's failure prosecute this action.

IT IS SO ORDERED.

**Dated:**   **August 17, 2006**                    **/s/ Oliver W. Wanger**
emm0d6                                  UNITED STATES DISTRICT JUDGE